UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARRELL BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00782-TWP-MKK |
| ) | |
| JASON CARTER Individual Capacity, ) | |
| KELLY WILLIAMS Individual Capacity, ) | |
| SHELLY JACOBS Individual Capacity, ) | |
| CENTURION, ) | |
| ) | |
| Defendants. ) | |

## **REPORT & RECOMMENDATION**

This matter is before the Court on Plaintiff Darrell Brown's Motion for Sanctions, Dkt. [92], and Defendants Carter, William and Centurion's response to the Court's April 10, 2025 Show Cause Order, (Dkt. 102), ("Show Cause Order"). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the District Judge **GRANT** Plaintiff's Motion for Sanctions to the extent that Attorney Dillon and her law firm be ordered to pay a fine of $1,000.00 to Plaintiff.

Additionally, the Court **ORDERS** Attorney Dillon to file status reports as further detailed below.

**I.     Background**

As set forth in the screening order, this case involves Eighth Amendment claims against Defendants Carter, Williams and Jacobs, based on Plaintiff's "allegations that they were deliberately indifferent to his serious medical needs by denying him treatment and/or pursuing a course of treatment known to be

ineffective." (Dkt. 73 at 3 (citing Dkt. 30 at 4)). Plaintiff is also pursuing Eighth Amendment and state-law negligence claims against Centurion, (*id.*), the individual Defendants' employer and the medical contractor for the prison at which Plaintiff was housed, (Dkt. 30 at 4–5). All Defendants are represented by Attorney Carol Dillon ("Attorney Dillon"). (Dkts. 33, 42).

On July 26, 2024, the Court issued a scheduling order setting forth various case management deadlines, including a January 24, 2025, deadline for completing discovery. (Dkt. 46 at 5). On October 21, 2024, Plaintiff filed a Notice of Filing Interrogatories to Defendants and a Notice of Filing Request for Admissions to Defendants, indicating he had sent his First Set of Interrogatories and First Set of Requests for Admissions to Defendants on October 16, 2024. (Dkts. 59, 60).

On December 4, 2024, Plaintiff filed a Motion to Compel, asserting that Defendants' objections to his discovery requests were "insufficient, boilerplate, conclusory, and lack any substantive reason." (Dkt. 62 at 2). Defendants did not respond to this Motion. On January 13, 2025, the Court granted in part and denied in part Plaintiff's Motion to Compel. (Dkt. 70). The Court denied the Motion as to the Requests for Admissions, since Plaintiff did not attach a copy of the requests or Defendants' answers to his Motion. (*Id.* at 2). The Court also denied Plaintiff's Motion as to the Interrogatories, due to Plaintiff's conflicting statements about whether Defendants had responded to them. (*Id.*). The Court granted the Motion, however, as to the Requests for Production, allowing Plaintiff to serve amended Requests for Production no later than January 31, 2025. (*Id.* at 2–3).

On February 11, 2025, Plaintiff re-filed his Motion to Compel as to the interrogatories and clarified that Defendants had yet to respond to them. (Dkt. 78). Plaintiff also re-filed his Motion to Compel as to the Requests for Admissions, attaching them to his filing along with Defendants' objections and responses. (Dkts. 80, 80-1). Defendants did not respond to either of the renewed Motions to Compel.

On March 7, 2025, the Court granted Plaintiff's February Motion to Compel pertaining to the interrogatories and ordered Defendants to respond to the interrogatories no later than March 14, 2025. (Dkt. 86 at 1). The Court also granted in part Plaintiff's February Motion to Compel pertaining to the Requests for Admissions and ordered Defendants to answer specific Requests for Admissions no later than March 14, 2025. (*Id.* at 3–4). The Court further ordered Defendants to file a notice no later than March 17, 2025, confirming service of their supplemental responses to Plaintiff's Interrogatories and the selected Requests for Admissions. (*Id.* at 1, 3–5).

On March 17, 2025, Attorney Dillon filed Defendants' Notice of Service of Supplemental Responses to Plaintiff's Request for Admissions, indicating that Defendants had served their responses to the Requests for Admissions. (Dkt. 87). Attorney Dillon noted, however, that Defendants had not sent those responses until that very day, three days after the Court-ordered deadline. (*Id.* at 1). Attorney Dillon attributed this delay "to a failure to communicate by defense counsel to her staff in her rush to leave the office and travel to Bloomington." (*Id.* at 2). The Notice

was silent as to whether Defendants had served their responses to Plaintiff's interrogatories, (*see id.*), as the Court had ordered them to do, (Dkt. 86 at 1).

On March 26, 2025, Plaintiff filed a Notice to the Court, stating that he had yet to receive Defendants' supplemental responses to his interrogatories. (Dkt. 90). Shortly thereafter, on April 2, 2025, Plaintiff filed his Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(b), requesting that the Court sanction Defendants and/or Attorney Dillon for failing to comply with the Court's March 7th Order. Dkt. [92]. More specifically, Plaintiff requested the Court to impose a variety sanctions, including establishing facts in his favor, barring the disobedient party from submitting certain evidence, and entering a default judgment against the disobedient party. (*Id.*). Defendants did not respond to the Motion for Sanctions.

Plaintiff subsequently requested extensions of time for deadlines related to summary judgment briefing, arguing that the interrogatory responses were necessary for the summary judgment briefings. (Dkts. 96, 97). Plaintiff explained that he had only received interrogatory responses from Defendant Jacobs, and those responses were dated March 27, 2025. (Dkt. 96 at 2).

On April 10, 2025, the Court ordered Attorney Dillon to explain why Defendants Carter, Williams, and Centurion disobeyed the Court's March 7th Order by failing to provide responses to Plaintiff's Interrogatories by April 14, 2025. (Dkt. 102 at 1). Additionally, the Court ordered the three Defendants to serve their responses to the interrogatories no later than April 18, 2025. (*Id.*).

4

On April 13, 2025, Attorney Dillon confirmed that the Defendants' responses to interrogatories were sent after the deadline set by the Court's March 7th Order. (Dkt. 103 at 2). Attorney Dillon indicated that the fault was her own, stating that she had been overwhelmed by her workload. (*Id.*). She suggested that, in exchange for the inconvenience, she would pay Plaintiff a total of $400. (*Id.*). Plaintiff responded, arguing that the $400 offered by Attorney Dillon was not sufficient to "fix such an extreme disrespect for both this Court and for the Plaintiff," and noted that Defendants did not respond to the interrogatories until more than five months after they were served. (Dkt. 106; *see also* Dkt. 107).

The Court now considers Plaintiff's Motion for Sanctions, Dkt. [92], as well as Attorney Dillon's response to the Court's Show Cause Order, (Dkt. 103).

## II.  Applicable Law

The district court's authority to impose sanctions derives from both Federal Rule of Civil Procedure 37 ("Rule 37") as well as its own inherent powers. Fed. R. Civ. P. 37; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (court has inherent power to protect integrity of judicial system and may impose sanctions for abusive behavior); *REP MCR Realty, L.L.C. v. Lynch*, 363 F. Supp. 2d 984, 998 (N.D. Ill. 2005), *aff'd*, 200 F. App'x 592 (7th Cir. 2006) ("Precedent teaches that a district court's authority to impose such sanctions comes from two sources: Federal Rule of Civil Procedure 37 and the Court's own inherent powers.").

Federal Rule of Civil Procedure 37 enables a court to impose sanctions on a party who fails to comply with a court order "to provide or permit discovery." Fed. R.

Civ. P. 37(b)(2)(A); *see also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). The sanctions the court can order include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Additionally, Rule 37 provides that instead of or in addition to any other sanction, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, *including* attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added); *see also* Fed. R. Civ. P. 16(f)(2).

The purpose of Rule 37 sanctions is to "provide a district court with valuable tools for preventing the parties to a lawsuit from unjustifiably resisting discovery." *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984) (internal quotations omitted). The court may impose Rule 37 sanctions not only to penalize conduct, but also to deter conduct. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980); *see also Greviskes v. Univs. Rsch. Ass'n, Inc.*, 417 F.3d 752, 758–59 (7th

Cir. 2005) (affirming district court's decision to dismiss the case as a penalty and a deterrence where plaintiff's "fraudulent conduct in the course of discovery and attempts to hide such behavior behind a cloak of further fraud and deceit [was] an affront to the legal process"). When exercising its broad discretion to decide whether to impose Rule 37 sanctions, *Tamari*, 729 F.2d at 472, the court can "review a sanction not in isolation but in light of the entire procedural history of the case," *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011) (internal citations omitted).

In addition, "it is settled that federal courts [also] have inherent powers to sanction litigants for bad-faith and fraudulent conduct related to federal cases." *REP MCR Realty, L.L.C*, 363 F. Supp. 2d at 998; *see also Chambers*, 501 U.S. at 44–45. A variety of sanctions are available to the Court under both Rule 37 and its inherent authority, including ordering payment of reasonable expenses, an adverse inference, or dismissal of the case, depending on the egregiousness of the misconduct. *Fuery v. City of Chicago*, 900 F.3d 450, 468–69 (7th Cir. 2018); *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775–776 (7th Cir. 2016). In every case, the sanction should be proportional to the offense, *Allen v. Chicago Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003), and the court should consider "the egregiousness of the conduct in question in relation to all aspects of the judicial process." *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003) (internal quotation omitted).

### III. Discussion

Plaintiff requests that this Court sanction Defendants and/or Attorney Dillon for their failure to provide the interrogatory responses by the March 14, 2025 deadline. Dkt. [92]. Plaintiff argues that the Defendants and their counsel had more than enough time to provide the responses. (*Id.*). Plaintiff maintains that the delay is inexcusable considering he mailed the interrogatories on October 21, 2024, and that every motion he filed on this topic should have served as a reminder to Defendants of their discovery obligations. (Dkt. 106 at 1–2).

The undersigned agrees with Plaintiff that Defendants' discovery delays and blatant failure to comply with the Court's March 7th Order warrant sanctions. Defendants' inaction led Plaintiff to having to file multiple motions to compel interrogatory responses, notices of failure to serve interrogatory responses, and motions for extension of time due to lack of interrogatory responses. (*See* Dkts. 62, 78, 88, 90, 96, 97). After the Court ruled on said motions and issued concrete deadlines, Defendants failed to timely respond to the interrogatories as ordered by the Court. (Dkt. 102). Defendants have offered no meaningful excuse for these discovery delays (and in fact chose to not even respond to Plaintiff's original motions to compel), much less for their failure to comply with the Court-ordered deadline for responding to the interrogatories.

Indeed, as Attorney Dillon admitted, "[t]here is no justifiable excuse for failing to comply with this Court's Order Compelling the Interrogatory Answers by a certain deadline." (Dkt. 103 at 2). A heavy workload does not excuse flagrant

8

disregard for discovery deadlines or Court orders. Sanctions therefore are appropriate. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines."); *Smith v. Marion County Sheriff's Dep't*, No. 1:22-cv-01367-JRS-TAB, Dkt. 147 at 6 (S.D. Ind. Aug. 22, 2023) (ordering sanctions for failure to comply with court order to make full and complete discovery responses by a date certain).

The undersigned next turns to the question of what sanctions to recommend. Before delving further into this consideration, the Court notes that Attorney Dillon has accepted responsibility for the delay and non-compliance. (Dkt. 103 at 2). Thus, there does not appear to be any reason to sanction Defendants.

The undersigned further notes, however, that this is not the first time that Attorney Dillon has been sanctioned in this Court. Just last year, this Court ordered sanctions against her for "failing to take the most basic steps to correct [] fillings when their falsity became apparent," since her "error was significant, and because it fits into a pattern of similar conduct by attorneys in her law firm." *Taylor v. Washington*, No. 4:21-cv-00127-TWP-KMB, 2024 WL 1756180, at *14 (S.D. Ind. Apr. 23, 2024). Like here, Attorney Dillon admitted she had no excuse for her failures "except that she was busy preparing for trial in another matter." *Id.* at *8. As this Court explained in *Taylor*, being preoccupied with other matters carries no weight: "Practicing law requires lawyers to constantly prioritize and reprioritize the

9

countless entries on their to-do lists." *Id.* at *16. This conclusion is particularly applicable in this case, where Attorney Dillon had more than five months to complete proper discovery responses before the Court's involvement (*i.e.*, October 16, 2024, to April 10, 2025).

In terms of the appropriate sanctions, the undersigned finds that the potential sanctions provided by Rule 37(b)(2)(A)(i)–(vi) are not practical at this stage of the case, as Plaintiff has now received Defendants' discovery responses and the parties are engaged in summary judgment briefing. Additionally, these potential sanctions would, in effect, penalize Defendants, which would not be reasonable considering Attorney Dillon, not Defendants, is at fault for the delay and non-compliance. Payment of "reasonable expenses, including attorney's fees," therefore, is the most obvious and appropriate sanction. Fed. R. Civ. P. 37(b)(2)(C). As set forth above, the undersigned does not find Attorney Dillon's failure "substantially justified;" nor would "other circumstances make an award of expenses unjust." *Id.* Therefore, Rule 37 mandates the court to order payment of reasonable expenses. *Id.*

Here, however, Plaintiff is *pro se* and therefore incurred no such expenses (or attorney's fees) in pursuing discovery and engaging in motion practice (or at least, no expenses that appear in the record). Faced with this scenario, the undersigned declines to recommend letting the disobedient party off the hook. Instead, the undersigned **RECOMMENDS** that the District Judge treat Attorney Dillon's failure to comply with the Court's Order as contempt of court, *see* Fed. R. Civ. P.

10

37(b)(2)(A)(vii), and impose a fine of $1,000.00, payable to Plaintiff. Recognizing that this is a significant sum, the undersigned nevertheless finds it appropriate, given the fact that Defendants' conduct required Plaintiff to dedicate significant resources to prepare the following filings:

| Filing | Docket Number |
|---|---|
| Motions to Compel | 62, 63 |
| Motions to Compel | 77, 78, 79, 81 |
| Notice | 88 |
| Notice | 90 |
| Sanctions Motion | 92 |
| Motion for Extension of Time | 96 |
| Motion for Reconsideration | 97 |
| Response to Show Cause Order | 106 |
| Motion for Extension of Time | 107 |
| Affidavit | 108 |

Moreover, as was the case in *Taylor*, the size of this fine is necessary to function as an effective deterrent, considering Attorney Dillon's failure to comply with the Court's Order and the pattern of such behavior in which she (and her firm) continue to engage. *See Taylor*, 2024 WL 1756180, at *17–19; *see also Smith v. Marion Cnty. Sheriff's Dep't*, No. 1:22-cv-01367-JRS-CSW, Dkt. 147, at *1 (S.D. Ind. Aug. 22, 2023) (sanctioning Attorney Dillon for "inexplicably delay[ing] and derail[ing] the discovery process, wast[ing] everyone's time, and even ignore[ing] a Court order along the way."); *Littler v. Martinez*, No. 2:16-cv-00472-JMS-DLP, 2019 WL 1043256, at *11–22 (S.D. Ind. Mar. 5, 2019) (sanctioning an attorney at Attorney Dillon's law firm, and requiring all attorneys at the firm to submit a signed copy of Rule 11 Compliance forms with summary judgment briefing in any case for one year); *Webster v. Ctr. for Diagnostic Imaging, Inc.*, No. 1:16-CV-02677-JMS-DML,

2018 WL 2136451, at *8 (S.D. Ind. May 9, 2018) (precluding Defendants from presenting expert testimony for violation of Rule 26(a)).

## IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Sanctions, Dkt. [92], be **GRANTED** to the extent that Attorney Dillon and her law firm be **ORDERED** to pay a fine of $1,000.00 to Plaintiff.

Any objections to the Magistrate Judge's Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure.

## V. Discovery Order

In addition to recommending the above sanction, the Court enters the following order in an exercise of its authority to manage and control the discovery process. *See Dietz v. Bouldin.*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

The Court **ORDERS** Attorney Dillon to file a Status Report in the cases listed below no later than **August 20, 2025**:

- 2:22-cv-00493-MPB-MKK
- 1:23-cv-00782-TWP-MKK
- 1:23-cv-02231-TWP-MKK
- 2:24-cv-00056-JMS-MKK
- 2:24-cv-00314-MPB-MKK
- 2:24-cv-00490-JPH-MKK
- 1:25-cv-00021-JMS-MKK

Said reports shall set forth: (a) a detailed description of all discovery presently scheduled or pending; (b) a detailed description of all discovery (i) that was completed within the preceding 28 days and (ii) that is planned to be completed within the 28-day period following the report; (c) a brief description of any discovery disputes presently pending; and, (d) any other issues that should be brought to the attention of the Court.

If discovery remains ongoing in any of the above-listed cases after said status report is filed, Attorney Dillon (or her co-counsel) shall file an updated status report every 28 days until discovery concludes.

If discovery has concluded in the matter, the status report should indicate as much and need only set forth: (a) a detailed description of all discovery completed to date; (b) a brief description of any discovery disputes presently pending; and, (c) any other issues that should be brought to the attention of the Court.

So ORDERED.

Date: 08/06/2025

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

DARRELL BROWN
214818
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com